**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| GW SAN DIEGO PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ANTONIO P. MORENO; DOES 1–10, inclusive, <br><br> Defendants. | Case No. 2:15-cv-01531-ODW(MAN) <br><br> **ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On March 3, 2015, Defendant Antonio P. Moreno removed this action from Los Angeles Superior Court. (ECF No. 1.) In his Notice of Removal, Moreno alleges that "[t]he complaint presents federal questions" and he seeks to raise a federal statutory defense, so therefore this Court has federal question jurisdiction. (*Id.* ¶¶ 6, 8.) The Complaint asserts a single cause of action for unlawful detainer. (ECF No. 1, Ex. A.)

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the well-pleaded

1  complaint. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Thus,
2  it is not enough for removal purposes that a federal question may arise during the
3  litigation in connection with a defense or counterclaim. *Rivet v. Regions Bank of La.*,
4  522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded
5  statement of his or her claim.").

6        Plaintiff GW San Diego Properties' Complaint does not, on its face, raise a
7  federal question. It states a single claim for unlawful detainer, which is solely a state
8  law cause of action. A single claim for unlawful detainer does not invoke this Court's
9  jurisdiction. *See Canterbury Lots 68, LLC v. De La Torre*, No. 13-cv-00712, 2013
10 WL 781974, *3 (C.D. Cal. Feb. 28, 2013) (remanding action where complaint only
11 raised a single cause of action for unlawful detainer); *Golden Union Properties, LLC
12 v. Amesquita*, No. 10-cv-09607, 2011 WL 321095, *3 (C.D. Cal. Jan. 26, 2011)
13 (remanding case for lack of subject matter jurisdiction where complaint contained
14 only an unlawful detainer claim); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-cv-
15 02337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (same); *Galileo Financial v.
16 Miin Sun Park*, No. 09-cv-1660, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009)
17 ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is
18 purely a matter of state law. Thus, from the face of the complaint, it is clear that no
19 basis for federal question jurisdiction exists.")

20       Accordingly, removal based on federal question jurisdiction under § 1441 is
21 improper. The Court hereby **REMANDS** this case to Los Angeles County Superior
22 Court, case number 14P09951. The Clerk of the Court shall close this case.

23       **IT IS SO ORDERED.**

25       March 13, 2015

27                                       _____
28                                       **OTIS D. WRIGHT, II**
                                   **UNITED STATES DISTRICT JUDGE**